Nott, J.,
delivered the opiniou of the court:
The facts in this ease are not disputed, and the only question of law is, at what rate the Bolivian money paid to the claimant for his salary as minister to Peru should be reckoned in the settlement of his accounts.
It is clear that if the Government resort to the commercial usage of paying a minister abroad by means of bills of exchange drawn on its bankers in London to be negotiated by him at his station, the foreign money in which he is paid should be reckoned at its current commercial value at the time and place of payment, in the coin of the United States. He is entitled to receive his salary in the money of the United States, or in its actual market equivalent. The supposed value of the foreign coin in the market or in the mints of the United States does not furnish a standard, for the minister cannot avail himself of it, but must resort to the market of the place where he is.
In the absence of a current commercial value of American coin at the place of payment, the payments must be deemed to have been made on the one side and received on the other at the *213 real or intrinsic value of the coin used. The mint value of the coin in the United States does not furnish a standard, because it is a distant and arbitrary value, of which the payee cannot avail himself.
The judgment of the court is that the claimant recover the sum of $3,273.57.
Duaice, Oh. J., did not sit in this case, and took no part in the decision.